AO 106 (Rev. 04/10) Application for a Search Warrant

**FILED**

SEP 11 2019

US DISTRICT COURT
DISTRICT OF DELAWARE

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| | ) Case No. 19- 239 M |
| IN THE MATTER OF THE SEARCH OF: CELLULAR PHONES CURRENTLY LOCATED AT DEA DOVER DELAWARE | ) |
| | ) |

**REDACTED**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of _____ Delaware _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 21 USC 841 | Distribution and Possession with the Intent to Deliver |

The application is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

DEA SA MATTHEW A TOTH
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/11/19

_____
*Judge's signature*

City and state: Wilmington, Delaware

THE HONORABLE MARY PAT THYNGE
*Printed name and title*



## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

### INTRODUCTION

Your affiant, Matthew A. Toth, being duly sworn, deposes and states as follows:

1.      I make this affidavit in support of an application under Rule 41 of the Federal
Rules of Criminal Procedure for a search warrant authorizing the examination of property – one
electronic device – that is currently in the possession of law enforcement, and the extraction from
that property of the electronically stored information described in Attachment B.

2.      I am a Special Agent ("SA") with the Drug Enforcement Administration
("DEA"), United States Department of Justice. I have been employed as a special agent for
approximately twenty-one years. I am currently assigned to the DEA Philadelphia Division,
Dover Post of Duty ("DPOD"). I am a law enforcement officer of the United States within the
meaning of Title 18, United States Code, Section 2510(7), empowered to conduct investigations
of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

3.      During my law enforcement tenure, I have participated in numerous
investigations into the unlawful distribution of narcotics in violation of federal and state laws that
have led to arrests, convictions, and seizures of narcotics and proceeds gained from illegal
activity. In the course of my duties, I have conducted or participated in physical and electronic
surveillance, the execution of search warrants, debriefings of informants, interviews of
witnesses, reviews of recorded conversations involving drug trafficking activities, and analyses
of telephone toll records and other records kept by or relating to drug traffickers. I have been the
affiant in several state and federal authorized intercepts and assisted with numerous federal
authorized intercepts of electronic communications using cellular telephone devices. I have
received several hundred hours of training in various investigative techniques and, through my

training, education and experience, I have become familiar with the identification of illegal drugs, methods in which illegal drugs are imported, manufactured and distributed; the methods of payment for such drugs; and the methods used by drug traffickers to avoid law enforcement detection, including disguising the source and illegal nature of drug proceeds. I have attended schools and seminars that have specialized in all aspects of narcotics investigations. I continue to keep abreast of current trends and practices of drug traffickers by reading periodicals, intelligence briefs, and training literature. Additionally, I maintain daily contact with Special Agents, other law enforcement personnel, confidential sources, cooperating defendants, and sources of information to remain up to date with current trends of drug traffickers.

4.      This investigation is being conducted by members of the DEA Dover Post of Duty (DPOD), and I am the case agent principally responsible for the investigation in aid of which this application is being made. This affidavit is based upon my personal knowledge and observations, as well as information provided to me by other law enforcement officers, as well as individuals who have cooperated with law enforcement as described in detail below.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.

5.      Your affiant seeks authority to search a cell phone seized in connection with the arrest of the defendant Quaheem HALL on October 10, 2017.  As set forth in more detail below, there is probable cause to believe that the HALL distributed controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), possessed with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (the "TARGET OFFENSES"), and further, there is probable cause to believe that the requested searches of the requested device will yield evidence of these crimes.

6.    This affidavit is intended to show only that there is sufficient probable cause for
the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

7.    The device to be searched is a ZTE smart phone with telephone number (484)

, device identification number A00000477F8024, subscribed to Unknown at ¯ ¯ ¯

¯ ¯   ¯ ¯ ¯ ¯ ¯ ) hereinafter referred to as "TARGET DEVICE 1."

8.    The applied-for warrant would authorize the forensic examination of TARGET
DEVICE 1 for the purpose of identifying electronically stored data particularly described in
Attachment B.

## DETAILS OF THE INVESTIGATION

9. Beginning on or about January of 2017, agents and officers from the DPOD began
investigating the criminal activity of Quaheem HALL and the distribution of heroin and fentanyl
in Dover, DE. At the direction of controlling officers, a Dover Police Department Confidential
Source ("CS") contacted HALL using a DEA Task Force Officer's (UC) undercover cellphone
on July 27, 2017 and arranged to purchase one bundle of heroin. Thereafter, the CS and the UC
met HALL at the designated delivery place at the designated time. This meeting was audio/video
recorded. During the conversation, the UC informed HALL that the CS called from his (the Task
Force Officer's) cell phone and that the UC has HALL's number in the call registry for future
purchases. HALL directed the UC to contact HALL directly to make arrangements to purchase
heroin in future transactions.  The UC made a total of four controlled purchases of heroin from
HALL utilizing the cell phone number that HALL provided during the first transaction.

10. Investigators are aware that on or about August 29, 2017, a close associate of HALL
was arrested, independent of this investigation, with a large quantity of heroin. Based on your

affiant's training and experience, it is common for drug dealers to change cellular phone numbers on a regular basis to thwart interception by law enforcement, especially when organizational members have been arrested. Subsequent to this arrest, HALL sent a text to the UC from TARGET DEVICE 1 and indicated that the UC should thereafter contacted HALL on TARGET DEVICE 1 for future heroin transactions. HALL and the UC subsequently made plans for the UC to purchase approximately 4 ½ logs of heroin from HALL in the near future.

11. On September 20, 2017, at approximately 3:24 PM, the UC placed an outgoing call to TARGET DEVICE 1. HALL requested that the UC meet HALL at the Camden Walmart located at ⁻ ⁻                    ⁻ ⁻ ⁻. The UC was equipped with an audio and video recording device and was operating an undercover vehicle.

12. At approximately 3:50 PM, the UC arrived in the parking lot of the agreed upon meet location and spoke with HALL via TARGET DEVICE 1. HALL advised that he was inside of the location and subsequently exited the establishment and entered the undercover vehicle. HALL requested that the UC drive HALL to an associate's residence in order to secure a quantity of pre-packaged heroin to sell to the UC. The UC drove HALL to a residence located in the Capitol Park housing area, Dover, DE. HALL exited the UC's vehicle and entered a residence. At approximately 4:42 PM, the UC was contacted by HALL via TARGET DEVICE 1 to advise that HALL had just received the heroin. HALL subsequently exited the residence and entered the UC vehicle. The UC provided HALL with serialized official government funds and HALL gave the UC approximately five hundred and twenty (520) individual blue baggies stamped "Wawa" and "Devil's Food".

13. On October 10, 2017, at approximately 2:23 PM, the UC contacted HALL via TARGET DEVICE 1, in order to arrange a meeting to purchase heroin from HALL. HALL requested that the UC meet him at the Royal Farms located at ‾‾‾. Case agents had formulated operational plans to effect the arrest of HALL once the UC confirmed that HALL was in the possession of the requested heroin.

14. At approximately 2:36 PM, the UC arrived at the agreed upon meet location and contacted HALL via TARGET DEVICE 1 to advise HALL of the UC's arrival. HALL was observed by surveillance agents walking towards a residence that HALL has used as a "stash" location for previous controlled buys. The residence is occupied by an immediate family member of HALL's and is adjacent to the agreed upon meet location.

15. At approximately 2:39 PM, the UC received an incoming call from HALL via TARGET DEVICE 1. HALL asked the UC how much heroin the UC wished to buy. The UC informed HALL that he/she wished to purchase approximately two and one-half (2 ½) logs of heroin.

16. At approximately 2:41 PM, the UC observed HALL walking from the vicinity of the aforementioned residence and approach the UC vehicle. HALL subsequently entered the UC vehicle and was taken into custody shortly thereafter. HALL was found to be in possession of approximately 338 baggies containing heroin bearing the stamps "Lebron" and "Devil's Food". HALL was also in possession of TARGET DEVICE 1.

## CONCLUSION

Based upon the above, your affiant submits that there is probable cause to believe that TARGET DEVICE 1 was being used to facilitate drug trafficking in the District of Delaware in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and (b)(1)(C), and that evidence of the same may

be located on TARGET DEVICE 1.

_____
Matthew A. Toth, Special Agent
Drug Enforcement Administration

Sworn and subscribed to before me this __11th__ day of September, 2019.

_____
The Honorable Mary Pat Thynge
United States Magistrate Judge

## ATTACHMENT A

A ZTE smart phone with telephone number (484)                ), device identification number

A00000477F8024, subscribed to Unknown at                                  )

(TARGET DEVICE 1)

## ATTACHMENT B

1.      All records on the TARGET DEVICE described in Attachment A that relate to violations of Title 21, U.S.C. §§ 841(a)(1), (b)(1)(C), which prohibits any person from attempting to deliver and/or possess with intent to deliver controlled substances (SPECIFIED FEDERAL OFFENSES), including:

      a.  Any electronic calendars, notes, task lists, or other information relating to any person's whereabouts or activities relevant to violations of the SPECIFIED FEDERAL OFFENSES;

      b.  Images, pictures, photographs, videos, or other visual depictions sent or received by the TARGET DEVICE regardless of the underlying program used to create, store, send, or receive such depictions relating to violations of the SPECIFIED FEDERAL OFFENSES;

      c.  GPS data showing the location and movement of the TARGET DEVICE

      d.  Bank records, checks, credit card bills, account information, and other financial records related to Quaheem Hall; and

      e.  The content of any and all text messages, instant messages, photo messages, video messages, or any other message whether sent by text or some other application, sent or received by the TARGET DEVICE relating to violations of the SPECIFIED FEDERAL OFFENSES.

2.      Evidence of user attribution, regardless of the date the content was created, showing who used or owned the TARGET DEVICE at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3.      As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.